### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Jerry Dingus & Spenser Sanders, | * | |
| On behalf of themselves and those similarly situated, | * | Case No. 2:20-cv-612 |
| | * | |
| Plaintiffs, | * | Judge |
| | * | |
| v. | * | Magistrate Judge |
| | * | |
| Buckeye RV, LLC c/o KMK Service Corp. | * | **JURY DEMAND ENDORSED HEREON** |
| 1 E. 4th Street, Suite 1400 Cincinnati, OH 45202 | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Named Plaintiffs Jerry Dingus ("Dingus") and Spenser Sanders ("Sanders") (collectively "Plaintiffs" or "Named Plaintiffs"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for their Complaint against Buckeye RV, LLC ("Buckeye RV" or "Defendant") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiffs' own conduct

and Defendant's own business records, and they are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I. JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Southern District of Ohio, and Defendant has its principal place of business or it otherwise conducted substantial business in the Southern District of Ohio.

## II. PARTIES AND COLLECTIVE AND CLASS ACTION STATEMENT OF FACTS

### A.  Named Plaintiff Dingus

4.     Dingus is an individual, United States citizen, he resides in the Southern District of Ohio and he worked for Defendant in this judicial district.

5.     During Dingus's employment, he worked as a service technician from approximately March 30, 2018 until July, 2019, a Parts Specialist from July, 2019 until October, 2019, and then returned to his position as a service technician from October until around November 12, 2019.

6.     During all times relevant when he worked as a service technician, Dingus was paid on an hourly basis and was an hourly, non-exempt employee. As a result, he was an "employee" of Defendant as defined in the FLSA and Ohio Acts.

**B.  Named Plaintiff Spenser Sanders**

7.     Sanders is an individual, United States citizen, and resident of London, Ohio, but at all times relevant he worked for Defendant, which is in this judicial district.

8.     During Sanders's employment, he worked as a service technician from approximately May, 2018 until approximately September 20, 2019.

9.     During all times relevant when he worked as a service technician, Sanders was paid on an hourly basis and was an hourly, non-exempt employee. As a result, he was an "employee" of Defendant as defined in the FLSA and Ohio Acts.

10.     Named Plaintiffs bring this action on behalf of themselves and on behalf of those similarly situated and has given their written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiffs' consent forms are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b) (*Consents to be Party Plaintiffs*, attached hereto as **Exhibit A**).[1]

**C.  Defendant Buckeye RV**

11.     Defendant is a domestic limited liability company with its principal place of business located at 1175 McArthur Rd, Jeffersonville, Ohio 43128, but its Ohio statutory agent address for service of process is located at 1 E. 4th Street, Suite 1400, Cincinnati, OH 45202.

---

[1] Jonathan Palmer, a former hourly, non-exempt employee of Defendant, has also joined this action with the filing of his Consent to Join as an Opt-In. *See* **Exhibit B**.

12.     Defendant manufactures recreational vehicles and accompanying parts and accessories. Defendant employs many similarly situated employees as Plaintiffs and operates out of at least three known facilities located as follows:

**a)** 1175 McArthur Rd, Jeffersonville, Ohio 43128 ("Columbus, Ohio" location);

**b)** 2919 Progress Way, Wilmington, Ohio 45177 ("Wilmington-Dayton, Ohio" location); and

**c)** 6000 Venture Way, Maineville, Ohio 45039 ("Cincinnati, Ohio" location).

13.     Defendant is and has been doing business in this judicial district.

14.     At all times relevant, Defendant has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

15.     During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

16.     During all times relevant, Defendant has benefitted from the work performed by Named Plaintiffs and those similarly situated.

17.     Upon information and belief, Defendant operates/operated and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or it has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

**D. Unpaid Overtime Allegations**

18.     Named Plaintiffs and other similarly situated employees are current or former non-exempt hourly employees of Defendant paid on a weekly basis. Defendant's workweek is from Monday through Sunday.

19.     Defendant suffered or permitted Named Plaintiffs and others similarly situated to work more than forty (40) hours in one or more workweeks, entitling them to overtime compensation under the FLSA.

20.     During their employment with Defendant, Named Plaintiffs and similarly situated employees were not fully and properly paid in accordance with the minimum requirements of the FLSA for all of their compensable hours worked for three primary reasons as outlined below.

    **a)  <u>Defendant Failed to Pay for Hours Worked During Missed or Interrupted "Meal Periods" When Plaintiffs and other similarly situated employees were Clocked out for 20 minutes or More</u>**

21.     First, Plaintiffs and similarly situated employees were required to clock out for meal periods. However, during meal periods where the time punch data reflects a meal period between 20 and 30 minutes in one or more workweeks, Plaintiffs and similarly situated employees were not compensated for all hours because they either worked through or had interrupted meal periods as a result of the performance of job duties predominantly for the benefit of Defendant, whether that be for customer inquiries and/or other inquiries.

22.     As a result, they did not have a bona fide meal period of 30 minutes under the wage and hour laws and attendant regulations. *See* 29 C.F.R. § 785.19.

    **b)  <u>Defendant Manually Edited Plaintiffs' and other similarly situated employees' time records to reflect that they took an uninterrupted meal break</u>**

23.     Second, Defendant manually edited Plaintiffs' and other similarly situated employees' time punch records to show a bona fide meal break of 30 minutes even though Plaintiffs and other similarly situated employees did not receive an uninterrupted meal break.

### c)  Defendant required Plaintiffs and other similarly situated employees to clock out for Short Breaks of 19 minutes or Less in Duration

24.     Third, Defendant did not compensate Named Plaintiffs and other similarly situated employees for short breaks of 19 minutes or less during the workday regardless of the reason for the break.

25.     As a result, during one or more workweeks when Plaintiffs and similarly situated employees were required to clock out for breaks of 19 minutes or less in duration, they should have been paid for this time. *See* 29 C.F.R. § 785.18.

### Sample Workweeks for Plaintiff Dingus

26.     A sample workweek in 2018 reflects the preceding policies or practices includes Dingus's time worked during the workweek of July 16, 2018 to July 22, 2018. For that workweek, Dingus was paid on July 27, 2018 for 42.23 hours. However, he was not paid for all hours worked as follows:

   **a)**  For example, on July 17, 2018, Dingus clocked in at 8:42 am until he clocked out at 12:33 pm. He clocked back in at 12:49 pm, which is a 16-minute short break. His time punch records in possession reflect a clock out time of 4:59 pm and he was paid for 8.01 hours for the day. However, he was not paid for the 16-minute break even though it was 19 minutes or less in duration.

   **b)**  On July 19, 2018, Dingus clocked in at 8:40 am until he clocked out at 12:34 pm for a break. He clocked back in at 12:53 pm, which is a 19-minute short break. His time punch records in possession reflect a clock out time of 4:59 pm and he was

paid for 8.00 hours that day. However, he was not paid for his 19-minute break even though it was 19 minutes or less in duration.

**c)** On July 20, 2018, Dingus clocked in at 8:43 am until he clocked out at 12:51 pm for a break. He clocked back in at 1:00 pm, which is a 9-minute short break. His time punch records in possession reflect a clock out time of 5:02 pm and he was paid for 8.16 hours for that day. However, he was not paid for the 9-minute break even though it was 19 minutes or less in duration.

**d)** As a result, Dingus is owed at least 0.733 hours in unpaid overtime compensation for this sample workweek as a result of Defendant's policy/practice as alleged herein.

27. Another sample workweek in 2018 reflects the preceding policies or practices includes Dingus's time worked during the workweek of September 17, 2018 to September 23, 2018. For that workweek, Dingus was paid on September 28, 2018 for 41.03 hours from that workweek. However, he was not paid for all hours worked as follows:

**a)** For example, on September 18, 2018, Dingus clocked in at 8:45 am until he clocked out at 1:03 pm. He clocked back in at 1:10 pm, which is a 7-minute short break. His time punch records in possession reflect a clock out time of 5:50 pm and he was paid for 8.97 hours for the day. However, he was not paid for the 7-minute break even though it was 19 minutes or less in duration.

**b)** On September 19, 2018, Dingus clocked in at 8:51 am until he clocked out at 12:45 pm for a break. He clocked back in at 12:53 pm, which is an 8-minute short break. His time punch records in possession reflect a clock out time of 5:00 pm and he

was paid for 7.99 hours that day. However, he was not paid for his 8-minute break even though it was 19 minutes or less in duration.

**c)** On September 20, 2018, Dingus clocked in at 8:45 am until he clocked out at 12:31 pm for a break. He clocked back in at 12:43 pm, which is a 12-minute short break. His time punch records in possession reflect a clock out time of 5:01 pm and he was paid for 8.08 hours for that day. However, he was not paid for the 12-minute break even though it was 19 minutes or less in duration.

**d)** On September 21, 2018, Dingus clocked in at 8:55 am until he clocked out at 12:30 pm for a break. He clocked back in at 12:37 pm, which is a 7-minute short break. His time punch records in possession reflect a clock out time of 5:01 pm and he was paid for 7.98 hours for that day. However, he was not paid for the 7-minute break even though it was 19 minutes or less in duration

**e)** As a result, Dingus is owed at least 0.567 hours in unpaid overtime compensation for this sample workweek as a result of Defendant's policy/practice as alleged herein.

28.     In 2019, Defendant's policy / practice continued. For the workweek of April 15, 2019 to April 21, 2019, Dingus was paid on April 26, 2019 for 43.65. However, he was not paid for all hours worked as follows:

**a)** For example, on April 16, 2019, Dingus clocked in at 8:47 am until he clocked out at 1:12 pm for a break. He clocked back in at 1:19 pm, which is a 7-minute short break. His time punch records in possession reflect a clock out time of 7:04 pm and he was paid for 10.13 hours for that day. However, he was not paid for the 7-minute break even though it was 19 minutes or less in duration.

**b)**  On April 17, 2019, Dingus clocked in at 8:58 am until he clocked out at 12:24 pm for a break. He clocked back in at 12:41 pm, which is a 17-minute short break. His time punch records in possession reflect a clock out time of 5:02 pm and was paid for 7.78 hours for that day. However, he was not paid for the 17-minute break even though it was 19 minutes or less in duration.

**c)**  On April 18, 2019, Dingus clocked in at 9:01 am until he clocked out at 12:40 pm for a break. He clocked back in at 12:47 pm, which is a 7-minute short break. His time punch records in possession reflect a clock out time of 7:03 pm and was paid for 9.92 hours for that day. However, he was not paid for the 7-minute break even though it was 19 minutes or less in duration.

**d)**  On April 19, 2019, Dingus clocked in at 9:02 am until he clocked out at 12:00 pm for a break. He clocked back in at 12:15 pm, which is a 15-minute short break. His time punch records in possession reflect a clock out time of 5:06 pm and was paid for 7.82 hours for that day. However, he was not paid for the 15-minute break even though it was 19 minutes or less in duration

**e)**  As a result, Dingus is owed at least 0.767 hours in unpaid overtime compensation for this sample workweek as a result of Defendant's policy/practice as alleged herein.

29.    From the workweek of May 13, 2019 to May 19, 2019, Dingus was paid on May 24, 2019 for 43.70 hours. However, he was not paid for all hours worked as follows:

**a)**  On May 14, 2019, Dingus clocked in at 8:55 am until he clocked out at 12:26 pm for a break. He clocked back in at 12:35 pm, which is a 9-minute short break. His time punch records in possession reflect a clock out time of 6:57 pm and was paid

for 9.89 hours for that day. However, he was not paid for the 9-minute break even though it was 19 minutes or less in duration.

**b)** On May 15, 2019, Dingus clocked in at 8:57 am until he clocked out at 12:40 pm for a break. He clocked back in at 12:48 pm, which is an 8-minute short break. His time punch records in possession reflect a clock out time of 5:05 pm and was paid for 7.98 hours for that day. However, he was not paid for the 8-minute break even though it was 19 minutes or less in duration.

**c)** On May 16, 2019, Dingus clocked in at 8:55 am until he clocked out at 12:26 pm for a break. He clocked back in at 12:43 pm, which is a 17-minute short break. His time punch records in possession reflect a clock out time of 7:17 pm and was paid for 10.05 hours for that day. However, he was not paid for the 17-minute break even though it was 19 minutes or less in duration.

**d)** On May 17, 2019, Dingus clocked in at 9:08 am until he clocked out at 12:43 pm for a break. He clocked back in at 12:57 pm, which is a 14-minute short break. His time punch records in possession reflect a clock out time of 5:02 pm and was paid for 7.65 hours for that day. However, he was not paid for the 14-minute break even though it was 19 minutes or less in duration.

**e)** As a result, Dingus is owed at least 0.8 hours in unpaid overtime compensation for this sample workweek as a result of Defendant's policy/practice as alleged herein.

<u>**Sample Workweeks for Plaintiff Sanders**</u>

30.    A sample workweek in 2018 reflects the preceding policies or practices includes Sanders's time worked during the workweek of August 27, 2018 to September 2, 2018. Sanders was paid

on September 7, 2018 for 39.61 hours. However, he was not paid for all hours worked, resulting in unpaid overtime, as follows:

a) For example, on August 29, 2018, Sanders clocked in at 8:47 am until he clocked out at 12:32 pm. He clocked back in at 12:48 pm, which is a 16-minute short break. His time punch records in possession reflect a clock out time of 5:00 pm and he was paid for 7.80 hours for the day. However, he was not paid for the 16-minute break even though it was 19 minutes or less in duration.

b) On August 30, 2018, Sanders clocked in at 8:57 am until he clocked out at 12:20 pm for a break. He clocked back in at 12:37 pm, which is a 17-minute short break. His time punch records in possession reflect a clock out time of 5:19 pm and he was paid for 8.07 hours that day. However, he was not paid for his 17-minute break even though it was 19 minutes or less in duration.

c) On August 31, 2018, Sanders clocked in at 8:49 am until he clocked out at 12:38 pm for a break. He clocked back in at 12:57 pm, which is a 19-minute short break. His time punch records in possession reflect a clock out time of 5:04 pm and he was paid for 7.94 hours for that day. However, he was not paid for the 19-minute break even though it was 19 minutes or less in duration.

d) As a result, Buckeye RV did not pay him for 0.876 hours and Sanders is owed at least 0.477 hours in unpaid overtime compensation for this sample workweek as a result of Defendant's policy/practice as alleged herein.

31.     With respect to Named Plaintiff Sanders during the workweek of October 15, 2018 through October 21, 2018, Named Plaintiff Sanders was paid for 40.37 hours, entitling him to be paid

overtime for all additional hours worked. However, he was not paid for all hours worked, resulting in unpaid overtime, as follows:

a) For example, on October 16, 2018, Sanders clocked in at 8:48 am until he clocked out at 1:02 pm. He clocked back in at 1:20 pm, which is an 18-minute short break. His time punch records in possession reflect a clock out time of 4:59 pm and he was paid for 7.87 hours for the day. However, he was not paid for the 18-minute break even though it was 19 minutes or less in duration.

b) On October 17, 2018, Sanders clocked in at 8:43 am until he clocked out at 12:55 pm for a break. He clocked back in at 1:10 pm, which is a 15-minute short break. His time punch records in possession reflect a clock out time of 4:59 pm and he was paid for 7.98 hours that day. However, he was not paid for his 15-minute break even though it was 19 minutes or less in duration.

c) On October 19, 2018, Sanders clocked in at 8:55 am until he clocked out at 12:35 pm for a break. He clocked back in at 12:54 pm, which is a 19-minute short break. His time punch records in possession reflect a clock out time of 4:57 pm and he was paid for 7.72 hours for that day. However, he was not paid for the 19-minute break even though it was 19 minutes or less in duration.

d) As a result, Buckeye RV did not pay him for 0.867 hours and Sanders is owed at least 0.867 hours in unpaid overtime compensation for this sample workweek as a result of Defendant's policy/practice as alleged herein.

32. With respect to Named Plaintiff Sanders during the workweek of June 3, 2019 through June 9, 2019, Named Plaintiff Sanders was paid on June 14, 2019 for 43.28 hours, entitling

him to overtime compensation for all additional hours worked. However, he was not paid for all hours worked as follows:

a) For example, on June 4, 2019, Sanders clocked in at 8:44 am until he clocked out at 12:33 pm. He clocked back in at 12:48 pm, which is a 15-minute short break. His time punch records in possession reflect a clock out time of 7:18 pm and he was paid for 10.32 hours for the day. However, he was not paid for the 15-minute break even though it was 19 minutes or less in duration.

b) On June 5, 2019, Sanders clocked in at 9:04 am until he clocked out at 12:45 pm for a break. He clocked back in at 1:00 pm, which is a 15-minute short break. His time punch records in possession reflect a clock out time of 5:02 pm and he was paid for 7.70 hours that day. However, he was not paid for his 15-minute break even though it was 19 minutes or less in duration.

c) On June 6, 2019, Sanders clocked in at 8:58 am until he clocked out at 2:20 pm for a break. He clocked back in at 12:32 pm, which is a 12-minute short break. His time punch records in possession reflect a clock out time of 7:10 pm and he was paid for 9.98 hours for that day. However, he was not paid for the 12-minute break even though it was 19 minutes or less in duration.

d) As a result, Buckeye RV did not pay him for 0.867 hours and Sanders is owed at least 0.867 hours in unpaid overtime compensation for this sample workweek as a result of Defendant's policy/practice as alleged herein.

## III.  COLLECTIVE ACTION ALLEGATIONS

### A.  216(b) Collective Action for Unpaid Overtime Wages.

33.     Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in class, consisting of:

> All of Defendant's current and former hourly, non-exempt service technicians and other positions required to clock out for breaks, whose payroll records reflect that they worked 40 or more hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "§ 216(b) Collective Class" or the "§ 216(b) Collective Class Members").

34.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

35.     In addition to the Named Plaintiffs, the putative § 216(b) Collective Class Members have been denied overtime compensation due to Defendant's company-wide payroll policies and/or practices of not fully and properly compensating its employees all overtime compensation because (1) it failed to pay them for meal breaks during one or more workweeks even though they did not receive a fully uninterrupted meal break because Plaintiffs either worked through or had interrupted meal breaks; and (2) it failed to pay them for short breaks of 19 minutes or less in duration failed to pay them at the proper overtime rate during workweeks when they worked more than forty (40) hours in one or more workweeks. The Named Plaintiffs are representative of those other similarly situated employees and is acting on behalf of their interests as well as their own in bringing this action.

36.     The identity of the putative § 216(b) Collective Class Members are known to Defendant or are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in to it pursuant to 29 U.S.C. § 216(b) for the

purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

37.     The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiffs and § 216(b) Collective Class Members overtime wages. Thus, Defendant enjoyed substantial profits at the expense of the Named Plaintiffs and § 216(b) Collective Class Members.

**B.  Fed. R. Civ. P. 23 Class Action for Unpaid Overtime Wages.**

38.     Named Plaintiffs also bring their Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> All of Defendant's current and former hourly, non-exempt service technicians and other positions required to clock out for breaks working in Ohio, whose payroll records reflect that they worked 40 hours in any workweek beginning two years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "Ohio Rule 23 Class", the "Rule 23 Class", or the "Ohio Rule 23 Class Members").

39.     During relevant times, Named Plaintiffs and those Ohio Rule 23 Class Members have been denied overtime compensation due to Defendant's company-wide payroll policies and/or practices of not fully and properly compensating its employees all overtime compensation because (1) it failed to pay them for meal breaks during one or more workweeks even though they did not receive a fully uninterrupted meal break because Plaintiffs either worked through or had interrupted meal breaks; and (2) it failed to pay them for short breaks of 19 minutes or less in duration failed to pay them at the proper overtime rate during workweeks when they worked more than forty (40) hours in one or more workweeks. The Named Plaintiffs are representative of those other similarly situated employees and is acting on behalf of their interests as well as their own in bringing this action.

40.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

41.     Named Plaintiffs are members of the Ohio Rule 23 Class, whose claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

42.     Named Plaintiffs will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

43.     Named Plaintiffs have no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that they have undertaken to represent.

44.     Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

45.     Questions of law and fact are common to the Ohio Rule 23 Class.

46.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

47.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2), as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Ohio Rule 23 Class as a whole.

48.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3), as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

49.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members for all hours worked in excess of forty hours per week as a result of Defendant's failure to (1) pay them for meal breaks during one or more workweeks when they did not receive a fully uninterrupted meal break because Plaintiffs either worked through or had interrupted meal breaks; and (2) pay them for short breaks of 19 minutes or less in duration failed to pay them at the proper overtime rate during workweeks when they worked more than forty (40) hours in one or more workweeks; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiffs and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation that was withheld or not paid to them.

50.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV. CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

51.     All of the preceding paragraphs are realleged as if fully rewritten herein.

52.     This claim is brought as part of a collective action by the Named Plaintiffs on behalf of himself and the § 216(b) Collective Class Members.

53.     During the relevant time period preceding this Complaint, Defendant employed the Named Plaintiffs and the § 216(b) Collective Class Members.

54.     Named Plaintiffs and the § 216(b) Collective Class Members were paid on an hourly basis and they were employed in non-exempt positions during the relevant time period.

55.     Named Plaintiffs and the § 216(b) Collective Class Members worked in excess of 40 hours in one or more workweeks during their employment.

56.     The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

57.     The FLSA requires that non-exempt employees receive overtime compensation of their regular rates of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

58.     Plaintiffs and the § 216(b) Collective Class Members were not exempt from receiving FLSA overtime compensation.

59.     Plaintiffs and the § 216(b) Collective Class Members worked in excess of forty hours during one or more workweek(s) within the relevant time period described herein.

60.     Defendant violated the FLSA with respect to Plaintiffs and the § 216(b) Class by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in one or more workweeks as outlined above.

61.     Named Plaintiffs and the § 216(b) Collective Class Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years prior to the filing of this Complaint.

62.     Named Plaintiffs and the § 216(b) Collective Class Members should have been paid for all overtime hours worked during the three years prior to the filing of this Complaint.

63.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the § 216(b) Collective Class Members are entitled.

64.     The exact total amount of overtime compensation that Defendant failed to pay the Named Plaintiffs and the § 216(b) Collective Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession.

65.     As a direct and proximate result of Defendant's conduct, the Named Plaintiffs and the §216(b) Collective Class Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the § 216(b) Collective Class Members.

## <u>COUNT II</u>
### (R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

66.     All of the preceding paragraphs are realleged as if fully rewritten herein.

67.     This claim is brought under Ohio law, which incorporates the FLSA without limitation.

68.     The Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

69. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

70. The Named Plaintiffs and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03, but were not correctly paid for all hours worked over 40 in one or more workweeks as outlined above.

71. The Named Plaintiffs and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03, but were not fully paid for all overtime hours worked because of Defendant's policies/practices as described herein.

72. Defendant's company-wide corporate policies and/or practices as outlined herein resulted in unpaid overtime wages for the Named Plaintiffs and Ohio Rule 23 Class.

73. Named Plaintiffs and those similarly situated Ohioans were not exempt from the wage protections of Ohio law.

74. The Named Plaintiffs and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

75. Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiffs and those similarly situated Ohioans were violations of R.C. § 4111.03, and, as such, Defendant acted willfully.

76. For Defendant's violations of R.C. § 4111.03, by which the Named Plaintiffs and those similarly situated Ohioans have suffered and continue to suffer damages, the Named

Plaintiffs and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

<u><strong>COUNT III</strong></u>
<strong>(R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)</strong>

77.     All of the preceding paragraphs are realleged as if fully rewritten herein.

78.     During relevant times, Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant.

79.     During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

80.     The OPPA requires Defendant to pay Named Plaintiffs and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof and on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

81.     During relevant times, Named Plaintiffs and the Ohio Rule 23 Class were not paid all wages for all hours worked, including overtime wages at one-and-one-half times their regular rate of pay as described herein within thirty (30) days of performing the work as outlined above. *See* R.C. § 4113.15(B).

82.     The Named Plaintiffs' and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

83.     The Named Plaintiffs and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

84.     In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## V.  <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, as to **Count I**, Named Plaintiffs and other members of the § 216(b) Class pray for an Order against Defendant as follows:

A.      Certifying the proposed FLSA collective action;

B.      Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the § 216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.      A declaratory judgment that Defendant's payroll policies or practices as outlined above violates the FLSA;

D.      An order for injunctive relief, ordering Defendant to end all of the illegal wage policies and practices alleged herein pursuant to the FLSA and attendant regulations and requiring Defendant to follow such laws going forward;

E.      Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiffs and the § 216(b) Class during the applicable statutory period under the FLSA and continuing through trial;

F.      Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiffs and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

G.      Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

H.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I.      Judgment for all civil penalties to which Named Plaintiffs and all other similarly situated employees may be entitled; and

J.      Such other and further relief as to this Court may deem necessary, just, or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiffs request judgment against Defendant for violations of the Ohio Acts and for an Order as follows:

K.      A declaratory judgment that Defendant's wage and hour policies and practices as alleged herein violate the Ohio Wage Act with respect to the non-payment of certain overtime compensation and violations of the OPPA;

L.      An order for injunctive relief ordering Defendant to end all of the illegal wage policies and practices alleged herein pursuant to the Ohio Wage Act and the OPPA and requiring Defendant to follow such laws going forward;

M.      An Order certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act and the OPPA;

N.      Awarding to the Named Plaintiffs and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

O.      Awarding Named Plaintiffs and the Ohio Rule 23 Class Members costs, disbursements, and reasonable allowances for fees of counsel and experts and also reimbursement of expenses;

P.      Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the

Named Plaintiffs and the Ohio Rule 23 Class Members during the applicable statutory period or $200 for each pay period, whichever is higher; and

      Q.      Awarding Named Plaintiffs and the Ohio Rule 23 Class Members such other and further relief as the Court deems necessary, just, or proper.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiffs and those similarly situated*

## JURY DEMAND

Plaintiffs request a trial by a jury of twelve (12) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman